```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
EPHRAIM PLUMMER,

                         Plaintiff(s),                REPORT AND
                                                      RECOMMENDATION
      -against-
                                                      CV 08-3552 (TCP)(ETB)
SUFFOLK COUNTY; VINCENT GERACI; THOMAS
MONTREUIL; OLVIER MCGAUGHEY; THEODORE
DAVIS; JOHN H. SCHULZ; ANTHONY GERMANO;
MARK HAWTHORNE; JAMES ZAHN; JOHN MADDEN;
JOHN DOE (1-10),

                         Defendant(s).
----------------------------------------------------------------------X
```

TO THE HONORABLE THOMAS C. PLATT, UNITED STATES DISTRICT JUDGE:

On August 29, 2008, plaintiff Ephraim Plummer, through counsel, commenced this action asserting violations of his civil rights stemming from an alleged beating at the hands of a number of Suffolk County corrections officers. (See Complaint at 7). Plaintiff died on September 20, 2008. (See Motion to Stay at 1 (Dec. 5, 2008), ECF No. 5). Counsel informed the Court on July 21, 2009, that an administrator could not be appointed for the estate until a guardian was appointed to protect the property interests of plaintiff's minor daughter. (See Notice by Ephraim Plummer of Status of Administrative Proceeding in Surrogate's Court at 1 (July 21, 2009), ECF No. 14). On November 12, 2010, counsel for plaintiff requested to withdraw, informing the Court that plaintiff's mother, Gwendolyn Plummer, had been named administratrix of plaintiff's estate and would seek new counsel. (See Motion to Withdraw as Attorney at 1 (Nov. 12, 2010), ECF No. 21). On November 20, 2010, after a hearing, the Court granted the motion to withdraw and provided Ms. Plummer 90 days to retain counsel. (See Minute Order at 1 (Nov. 23, 2010), ECF No. 23). On April 14, 2011, Ms. Plummer requested an adjournment of a status conference set for April 19, 2011, and indicated

that she had been unable to retain counsel. (See Letter Motion to Adjourn Conference at 1 (Apr. 14, 2011), ECF No. 25). The Court granted the motion, reset the conference for June 14, 2011, and informed Ms. Plummer that if the estate failed to appear by counsel on that date, the action would be subject to dismissal. (See Order at 1 (Apr. 14, 2011), ECF No. 26). Ms. Plummer appeared without counsel at the June 14, 2011 conference. (See Minute Entry at 1 (June 14, 2011), ECF No. 27). The Court reset the date of the status conference and again warned Ms. Plummer that if she failed to appear by counsel, the action would be subject to dismissal. (See id.). The estate failed to appear, through counsel or otherwise, at the status conference scheduled for September 21, 2011.

Generally, only an individual licensed as an attorney may appear "on another person's behalf in the other's cause." Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002); see also Naughton v. Naughton, No. 11-CV-2865, 2011 WL 3701972, at *2 (E.D.N.Y. Aug. 23, 2011). However, the Second Circuit has recently held that "the administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate." Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010). This is because that individual "is the only party affected by the suit, . . . [and] is, in fact, appearing solely on his own behalf." Id.

Here, however, it is clear that the estate has at least one beneficiary other than the administratrix–the decedent's daughter, for whom the Surrogate's Court required a guardian to protect her interest in the estate before the estate could be administered. Therefore, the administratrix must appear through counsel in this action on behalf of the estate. See id.

RECOMMENDATION

Ms. Plummer has been afforded over 10 months to retain counsel in this action, but has failed

to do so. Therefore, I recommend that this action be dismissed without prejudice. See, e.g., Johnson v. City of New York, No 08-CV-3673, 2009 WL 605102, at *1 (E.D.N.Y. Mar. 6, 2009) (dismissing without prejudice claims that pro se plaintiffs sought to bring on behalf of their children when plaintiffs failed to retain counsel for a period of over four months); Fleming v. Grosvener, No. 08-CV-3074, 2008 WL 3833589, at *2 (E.D.N.Y Aug. 15, 2008) (dismissing without prejudice, sua sponte, claims a non-attorney parent sought to bring on behalf of his children).

Defendants are ordered to serve a copy of this Report and Recommendation on Ms. Plummer, the administratrix of plaintiff's estate, at her address of record.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
        September 22, 2011

                                                    /s/ E. Thomas Boyle
                                                    E. THOMAS BOYLE
                                                    United States Magistrate Judge